**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02872-CMA-NYW

BONNIE BIRSE, individually and as the representatives of a class consisting of the participants and beneficiaries of the CenturyLink Dollars & Sense 401(k) Plan invested in the Active Large Cap U.S. Stock Fund,

 Plaintiff,

v.

CENTURYLINK, INC.,
CENTURYLINK INVESTMENT MANAGEMENT COMPANY,
CENTURYLINK EMPLOYEE BENEFITS COMMITTEE,
MARINA PEARSON, and
DOES 1 THROUGH 10 CONSISTING OF THE MEMBERS OF THE CENTURYLINK EMPLOYEE BENEFITS COMMITTEE.

 Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

A scheduling conference was held March 7, 2018, at 10:30 a.m. before Magistrate Judge Nina Y. Wang. Appearing for plaintiff Bonnie Birse were Paul R. Wood and Keith R. Scranton of Franklin D. Azar & Associates PC, 14426 East Evans Avenue, Aurora, Colorado 80014, 303.757.3300. Appearing for the defendants were Michael S. Beaver of Holland & Hart LLP, 6380 South Fiddlers Green Circle, Suite 500, Greenwood Village, Colorado 80111, 303.290. 1631, Craig C. Martin and Amanda S. Amert of Jenner & Block, 353 N. Clark Street, Chicago, Illinois 60654-3456, 312.923.2776.

1

## 2. STATEMENT OF JURISDICTION

This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this is an action under 29 U.S.C. §§ 1132(a)(2) and (3) for which federal district courts have exclusive jurisdiction under 29 U.S.C. § 1132(e)(1).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:

### Summary of Allegations and Claims

Plaintiff Bonnie Birse brings this action pursuant to 29 U.S.C. §1132(a)(2) and (3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") on behalf of the CenturyLink Dollars & Sense 401(k) Plan (the "Plan") and the Plan participants who invested in the CenturyLink Active Large Cap U.S. Stock Fund ("Large Cap Fund") directly or indirectly through the CenturyLink target date Funds.

In 2011 the Plan Sponsor, defendant CenturyLink, Inc. ("CenturyLink") engaged its wholly owned subsidiary, CenturyLink Investment Management Company ("CIM") to serve as the Plan investment fiduciary. CIM designed custom investment funds, including the Large Cap Fund, to be offered as investment options to Plan participants under the Plan. CIM also designed Target Date Funds which were offered to the Plan participants. Each of the Target Date Funds invested in the Large Cap Fund as part of its investment portfolio.

CIM designed the Large Cap Fund with the stated goal to "exceed the return of a broad market index of the largest 1,000 companies using an actively managed multi-manager approach." CIM hired six different investment firms to independently manage portions of the Large Cap Fund.

Unfortunately, the Large Cap Fund never achieved, or even came close to achieving its stated goal. The Large Cap Fund has consistently under-performed its benchmark index, the Russell 1000 Stock Index by two percent or more each year since it was formed in 2012. The underperformance of the Large Cap Fund was virtually guaranteed because it contained a serious design flaw from inception.  This design flaw was built-in by CIM by using six different independent fund managers (five active and one passive) with no coordinated strategy. The best case scenario for the Large Cap Fund with so many managers each operating independently was that it would perform like a high-cost index fund; the odds of the five active managers outperforming the market in aggregate was highly remote due to the efficiency of the large cap domestic equity market and the difficulty of even one manager outperforming the market over multiple years.

ERISA imposes strict fiduciary duties of loyalty and prudence upon the CenturyLink Defendants as Plan fiduciaries. Under ERISA, a fiduciary is expected to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1)(A)(I). A fiduciary's duties include the continuing duty to monitor investments and remove imprudent ones. *Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1829 (2015). This continuing duty exists separate and apart from the trustee's duty to exercise prudence in selecting investments at the outset." *Id.* at 1828. The Plan fiduciaries breached their fiduciary duty to the Plan and its participants by failing to monitor and replace the Large Cap Fund with a better performing option despite the consistent poor performance of the Large Cap Fund over a period of five years.

As a consequence of the CenturyLink Defendants' breach of their fiduciary duty to

monitor Plan investments, the Plan participants who invested in the large Cap Fund and the Target Date Funds suffered losses because of the significant underperformance of the Large Cap Fund. Had the CenturyLink Defendants discharged their fiduciary duty to monitor and replace the Large Cap Fund, the underperformance suffered by the Plan would have been avoided. Therefore, as a direct result of the breaches of fiduciary duty alleged herein, the Plan, Plaintiff, and Class members lost millions of dollars in their retirement savings.

CenturyLink, as the Plan Sponsor, is responsible for the appointment and removal of both CIM as investment advisor and the Committee as the Plan Administrator. To the extent any of CenturyLink's fiduciary responsibilities were delegated to another fiduciary, CenturyLink's monitoring duty included an obligation to ensure that any delegated tasks were performed prudently and loyally. CenturyLink breached its fiduciary monitoring duties by, among other things, failing to monitor CIM and the Committee to make sure the Large Cap Fund was properly designed, fulfilling its stated investment objectives, and performing appropriately.

Plaintiff asserts two claims for relief:

1. Breach of the duty of prudence against CIM and the CenturyLink Employee Benefits Committee for failing to properly design, monitor and replace the Large Cap Fund; and

2. Breach of the duty of prudence against CenturyLink for failing to properly monitor CIM and the CenturyLink Employee Benefits Committee.

**Class Allegations**

Plaintiff seeks to certify, and to be appointed as representative of, the following class: All participants and beneficiaries of the CenturyLink Dollars & Sense 401(k) Plan from April

1, 2012 through the date of judgment, excluding the Defendants, who invested in the Active Large Cap U.S. Stock Fund directly or indirectly through another Retirement or Target Date Fund.

Plaintiff alleges the class is sufficiently numerous to support certification because the class may include more than 35,000 Plan participants; there are common questions of law and fact; Plaintiff's claims are typical of the class; she and her counsel will adequately represent the class; and prosecution of separate actions would establish incompatible standards or, as a practical matter, be dispositive of the interests of the participants not parties to the adjudication or substantially impair their ability to protect their interests. Plaintiff seeks to certify the class under Fed. R. Civ. P. 23(b)(1)(A) or (B) or, alternatively, (b)(3).

    b.     Defendants (collectively "CenturyLink"):

Pursuant to this court's instructions for preparation of a scheduling order with a concise statement of all claims or defenses, and without waiving its rights to further amend, CenturyLink expects to assert the following defenses. CenturyLink's investigation is ongoing and it expressly reserves the right to amend, correct, or supplement its responses, pursuant to the Federal Rules of Civil Procedure:

As will be described in further detail in defendants' forthcoming motion to dismiss, Birse fails to state a claim for breach of the duty of prudence, co-fiduciary liability, and for breach of the duty to monitor. First, Birse fails to plead facts sufficient to state a claim for breach of fiduciary duty. Birse's allegations criticizing the structure and performance of the Large Cap Fund do not support an inference that defendants breached their duty of prudence. Birse's conclusory assertion that the CenturyLink Employee Benefits Committee (the "EBC") is liable as a cofiduciary also fails. Birse makes no allegations to substantiate a claim of

5

cofiduciary liability. And Birse fails to plead facts to support a claim based on CenturyLink's alleged failure to monitor. Birse's failure to monitor claim is based on conclusory legal allegations. Second, Birse's claims are time barred. Birse's claims are barred by ERISA's three-year statute of limitations. All of the essential facts that form the basis of Birse's complaint were disclosed to her more than three years before the complaint was filed.

Should any of Birse's claims survive the motion to dismiss, defendants anticipate that they will assert a number of defenses based on facts that would be adduced in discovery, including that: The Plan satisfies ERISA's safe harbor provision, 29 U.S.C. § 1104(c), and defendants are thus entitled to safe harbor protection against claims like Birse's, which arise from her own investment decisions; that defendants followed a prudent decision-making process in all their fiduciary decisions, including the decision to offer target date funds that included the Large Cap Fund and the decision to offer the option of direct allocation to the Large Cap Fund; that a reasonable fiduciary in defendants' position could have made the same decisions; and that plaintiff suffered no injury.

Defendants disagree that plaintiff has pled an appropriate class, that the class claims can be proven with class-wide proof, and that Birse is an adequate class representative under the standards of Federal Rule of Civil Procedure 23.

### 4. UNDISPUTED FACTS

The parties state the following facts are undisputed. The parties' investigations are ongoing and they expressly reserve the right to amend, correct, or supplement their responses, pursuant to the Federal Rules of Civil Procedure:

1.  Plaintiff Bonnie Birse is a participant in the CenturyLink Plan and has been since 2012.

      2.      Ms. Birse has selected the 2015 Target Date Fund as an investment option for her plan account.

      3.      CenturyLink Inc. is the Plan Sponsor.

      4.      The CenturyLink Dollars and Sense 401(k) Plan is established and maintained by a written plan document as required by 29 U.S. C. §1102(a)(1).

      5.      The EBC is the named plan administrator under 29 U.S.C § 1002(16)(A)(i).

      6.      CIM is a named fiduciary to the Plan.

      7.      The Committee is a Plan fiduciary under 29 U.S.C. §1002(16)(A)(i).

      8.      Defendant Marina Pearson is a member of the EBC, along with other unknown persons.

## 5. COMPUTATION OF DAMAGES

      a.      Plaintiff:

Plaintiff seeks to recover losses to the Plan caused by Defendants' breaches of fiduciary duty from July 2012 through the present caused by the underperformance of the CenturyLink Large Cap Fund. Plaintiff is unable to estimate the amount of those losses at this time because the information necessary to determine how much was invested directly or indirectly in the Large Cap Fund by CenturyLink Plan participants is currently in the exclusive possession of the Defendants and is not available in the Plan's public filings. Losses will be calculated based on how much more Plan participants would have realized in their accounts if the Large Cap Plan performed at or near its benchmark.

      b.      Defendants:

Defendants are not seeking any damages at this time.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: February 13, 2018

b. Names of each participant and party he/she represented.

Plaintiff: Paul R. Wood and Keith R. Scranton

Defendants: Amanda S. Amert, Cristina Covarrubias and Steven T. Collis.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made: February 27, 2018.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1): None.

e. Statement concerning any agreements to conduct informal discovery: The parties agreed to deal with any informal requests on a case-by-case basis.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: The parties will consider and discuss ways to work together to reduce discovery and other litigation costs.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: The parties anticipate the case will involve extensive electronically stored information from CenturyLink. The parties will discuss electronic discovery and a mutually acceptable format for production.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties discussed early settlement without success but will continue to review potential settlement.

## 7. CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. None at this time.

b.    Limitations which any party proposes on the length of depositions. None at this time.

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission. None at this time.

d.    Other Planning or Discovery Orders.

    i.    The parties will negotiate a stipulated protective order and file it on or before March 7, 2018.

    ii.    CenturyLink has filed a motion to dismiss and anticipates filing a motion to stay discovery pending a ruling on the motion to dismiss. Plaintiff opposes a stay.

## 9. CASE PLAN AND SCHEDULE

Defendants intend to file a motion to stay discovery until their motion to dismiss is decided. Assuming a stay of discovery is not granted, the parties propose the following deadlines.

a.    Deadline for Joinder of Parties and Amendment of Pleadings: April 23, 2018.

b.    Discovery Cut-off: February 8, 2019.

c.    Dispositive Motion Deadline: March 8, 2019.

d.    Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff anticipates it will require experts on the following topics:

    i.      Fiduciary duties of plan administrators and whether the Defendants breached those duties.

    ii      The design and performance of the Large Cap Fund.

    iii.     Damages.

Defendants anticipate they will require experts on the following topics:

    i.      Expert to rebut Plaintiff's expert on fiduciary duties of plan administrators and whether the Defendants breached those duties, and potentially offer affirmative testimony.

    ii.     Expert to rebut Plaintiff's expert on the design and performance of the Large Cap Fund, and potentially offer affirmative testimony.

    iii.     Expert to rebut Plaintiff's expert on Damages, and potentially offer affirmative testimony.

2.      Limitations which the parties propose on the use or number of expert witnesses: Three per side.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 1, 2018.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 9, 2019.

  e. Identification of Persons to Be Deposed:

Plaintiff:

  Plaintiff does not know the identities of CenturyLink witnesses at this point other than Marina Pearson. Plaintiff anticipates taking Rule 30(b)(6) depositions of CenturyLink, Inc., CenturyLink Investment Management Company, the Plan Administrator CenturyLink Employee Benefits Committee, Marina Pearson, other persons to be identified, and experts.

Defendant: Plaintiff, other persons to be identified, and experts.

  f. Deadline for Interrogatories: January 2, 2019.

  g. Deadline for Requests for Production of Documents and/or Admissions: January 2, 2019.

  h. Class Certification

    1. Plaintiff's Motion for Class Certification shall be filed by: August 10, 2018.

    2. Defendants' Response shall be filed 28 days after the motion is filed.

    3. Plaintiff's Reply shall be filed 21 days after the response is filed.

## 10. DATES FOR FURTHER CONFERENCES

  a. Status conferences will be held in this case at the following dates and times:

_____

  b. A final pretrial conference will be held in this case on _____ at __ o'clock __m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None except for Defendants' anticipated motion for stay of discovery.

b.  Anticipated length of trial and whether trial is to the court or jury. The parties agree the case will be tried to the Court and anticipate trial will take five (5) days.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439. None

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this __ day of March, 2018.

BY THE COURT:

United States Magistrate Judge

APPROVED:

FRANKLIN D. AZAR & ASSOCIATES, P.C.

*s/Paul R. Wood*
Franklin D. Azar
Paul R. Wood
Keith R. Scranton
14426 E. Evans Avenue
Aurora, Colorado  80014
Telephone: (303) 757-3300
Attorneys for Plaintiff

HOLLAND & HART LLP

*s/Michael S. Beaver*
Steven T. Collis
Michael S. Beaver
6380 South Fiddlers Green Circle, Suite 500
Greenwood Village, Colorado 80111
Telephone: 303.290.1616
Attorney for Defendants

JENNER & BLOCK

*s/Amanda S. Amert*
Craig C. Martin
Amanda S. Amert
Cristina Covarrubias
Laura L. Norris
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: 312.923.2776
Attorney for Defendants