IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02872-CMA-NYW

BONNIE BIRSE, and
GERAD DETWILER, on behalf of all similarly situated participants and beneficiaries of the CenturyLink Dollars & Sense 401(k) Plan,

    Plaintiffs,

v.

CENTURYLINK, INC, and
CENTURYLINK INVESTMENT MANAGEMENT COMPANY,

    Defendants.

---

## ORDER AFFIRMING IN PART AND REJECTING IN PART THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE NINA Y. WANG

---

This matter is before the Court on review of the Recommendation by United States Magistrate Judge Nina Y. Wang (Doc. # 78), wherein she recommends that this Court grant Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") (Doc. # 58). Plaintiffs, Bonnie Birse and Gerad Detwiler, timely objected to part of the Recommendation. (Doc. # 88.) For the following reasons, Plaintiffs' objections are overruled in part and granted in part, and the Court affirms the Recommendation in part and rejects it in part, dismissing Plaintiffs' claims without prejudice.

# I. **FACTUAL AND PROCEDURAL BACKGROUND**

Magistrate Judge Wang's Recommendation provided a thorough recitation of the factual and procedural background in this case. The Recommendation is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and the facts will be repeated only to the extent necessary to address Plaintiffs' objections.

Defendant CenturyLink, Inc. ("CenturyLink") is a publicly-traded telecommunications company. (Doc. # 53 ¶ 18.) In 2011, CenturyLink acquired CenturyLink Investment Management Company ("CIM"). (*Id.* ¶ 19.) CenturyLink uses CIM to manage the retirement plans provided to its employees. (*Id.* ¶¶ 22–24.) In November 2011, CenturyLink named CIM the Plan Investment Fiduciary for its two defined-contribution 401(k) retirement plans: the CenturyLink Dollars & Sense 401(k) Plan ("Dollars & Sense Plan" or "Plan"); and the CenturyLink Union 401(k) Plan ("Union Plan"). (*Id.* ¶ 22.) Shortly thereafter, CenturyLink and CIM formed a Master Trust to hold the combined assets of the Dollars & Sense Plan and the Union Plan. (*Id.*)

CIM manages the Master Trust and provides twenty-two investment options for CenturyLink employees that are invested through the Dollars & Sense Plan. (*Id.* ¶ 23.) One of those funds is the "Large Cap Fund" ("the Fund"), an actively managed fund benchmarked against the Russell 1000 Stock Index—an index of large-capitalization ("large cap") stocks. (*Id.* ¶ 24.) The Fund allocated its assets between four investment firms, one actively managed mutual fund, and one large cap index fund. (*Id.* ¶ 28.) According to the Fund, it chose this allocation strategy to diversify its holdings across different management styles in an effort to reduce the risk inherent in relying on a

smaller number of investment options and hopefully outperform the benchmark over the long-term. (*Id.* ¶ 29.) Since the Fund's inception on April 1, 2012, it has underperformed its benchmark by an average of 2.11%. (*Id.* ¶ 34.)

Plaintiffs are CenturyLink employees and investors in the Dollar & Sense Plan. (*Id.* ¶¶ 16, 17.) Plaintiffs' SAC asserts three claims for relief against Defendants. Specifically, Plaintiffs allege: (1) CIM breached its fiduciary duty by inadequately designing, selecting, and monitoring the Fund; (2) CenturyLink failed to monitor CIM by allowing CIM to imprudently select and monitor the Fund; and (3) CenturyLink, as a co-fiduciary, failed to remedy CIM's breach of its duty to monitor the Fund. (*Id.* ¶¶ 52–67.)

Defendants filed a Motion to Dismiss Plaintiffs' SAC on May 16, 2018, which was fully briefed. (Doc. ## 58, 60, 61.) This Court referred the Motion to Magistrate Judge Wang. (Doc. # 59.) Accordingly, the Magistrate Judge issued a Recommendation (Doc. # 78), which specifically recommended:

I)  Not to dismiss on the basis of standing (*Id.* at 9);
II) Dismissal of the First Claim for Relief against CIM (*Id.* at 13, 20);
III) Dismissal of the Second and the Third Claims for Relief against CenturyLink (*Id.* at 21);
IV) Deferral of any statute of limitations issues to the summary judgement phase (*Id.* at 29);
V)  Not to dismiss based on the ERISA Safe Harbor (*Id.* at 30); and
VI) Dismissal with prejudice. (*Id.* at 31.)

Plaintiffs object to the Magistrate Judge's Recommendation regarding sections II, III, and VI.[1] (Doc. # 88.) Defendants filed a Response to the Objection on January 7, 2019 (Doc. # 91), and Plaintiffs filed a Reply on January 16, 2019 (Doc. # 92).

---

[1] Defendants did not file any objections. As such, for sections I, IV, and V, the Court concludes that Magistrate Judge Wang's analyses and recommendations are correct and that "there is no

3

## II. STANDARDS OF REVIEW

### A. REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Any arguments raised for the first time in objections are deemed waived and need not be considered by the district court. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

### B. RULE 12(B)(6)

Courts may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at

---

clear error on the face of the record." Fed. R. Civ. P. 72 Advisory Committee's Note; *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate[] [judge's] report under any standard it deems appropriate.").

556). The scope of the allegations may not be "so general that they encompass a wide swath of conduct, much of it innocent" or else the plaintiff has "'not nudged [his] claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009).

### III.    ANALYSIS

This Court's *de novo* review will proceed in three parts: (A) CIM's alleged breach of fiduciary duty; (B) CenturyLink's alleged failure to monitor and alleged co-fiduciary liability; and (C) dismissal with prejudice.

**A. CIM'S BREACH OF FIDUCIARY DUTY**

Plaintiffs allege that CIM breached its fiduciary duty by inadequately designing and monitoring the Fund. Plaintiffs further allege that CIM failed to replace the Fund when it consistently underperformed its benchmark. However, Plaintiffs have failed to state sufficient factual allegations that, taken as true, would permit a factfinder to conclude that CIM breached its fiduciary duty.

5

1. <u>Law</u>

This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* ERISA provides that an investment manager is a fiduciary and must manage funds in compliance with the "prudence rule" which is, "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104 (a)(1)(B). Under ERISA, CIM is a named fiduciary because it is identified in the plan documents as a fiduciary of the fund. 29 U.S.C. § 1102(a)(2); *Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1184 (10th Cir. 2016).

In order to establish a claim that a fiduciary has violated its duties under ERISA, the plaintiff must allege facts establishing that the fiduciary's investment decisions—in the conditions prevailing at the time, and without the benefit of hindsight—are such that a reasonably prudent fiduciary would not have made that decision as part of a prudent, whole-portfolio, investment strategy that properly balances risk and reward, as well as short-term and long-term performance. *Pension Benefit Guard Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 716 (2d Cir. 2013) (granting 12(b)(6) motion because amended complaint only alleged that investments were improper with the benefit of hindsight). Even if a claim is narrowly focused on one investment, the proper inquiry considers the entire portfolio. ERISA fiduciaries are required to diversify investments of managed funds unless it is "clearly prudent" not to do so. 29 U.S.C. § 1104 (a)(1)(C); *In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 434 (3d Cir. 1996). "There is no formula,

6

however, for determining whether an ERISA fiduciary's conduct was reasonable, so the court should take into account all relevant circumstances." *Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915, 921 (8th Cir. 1994).

Whether a fiduciary has satisfied its duty of prudence is an objective inquiry, and courts focus on the process rather than the outcome. *Schapker v. Waddell & Reed Fin., Inc.*, No. 17-CV-2365-JAR-JPO, 2018 WL 1033277, at *7 (D. Kan. Feb. 22, 2018) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009)). "The test of prudence . . . is one of conduct and not a test of the result of the performance of the investment." *Ellis v. Fidelity Mgmt. Tr. Co.*, 883 F.3d 1, 10 (1st Cir. 2018) (internal quotations omitted). More specifically, courts consider whether fiduciaries "at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the merits of the investment and to structure the investment." *Cal. Ironworkers Field Pension Tr. v. Loomis Sayles & Co.*, 259 F.3d 1036, 1043 (9th Cir. 2001) (internal quotation marks and citations omitted); *see also Pension Benefit Guard Corp.*, 712 F.3d at 716 ("ERISA's fiduciary duty of care requires prudence, not prescience.") (internal quotation marks and citations omitted).

    2.    <u>Initial Design of the Fund</u>

In their Objection, Plaintiffs argue that their "allegations clearly describe facts, not legal conclusions, that establish CIM acted imprudently" in the way that CIM designed the Fund. (Doc. # 88 at 5.) In both the SAC and their Objection, Plaintiffs assert that "at the time the fund was designed, no prudent fiduciary would have diversified the Fund across five different managers." (Doc. # 88 at 5.) In support of their argument, Plaintiffs

7

assert generic conclusions such as, "by using multiple managers to reduce the 'risk' of having a single manager, CIM significantly reduced the likelihood that the Large Cap Fund would outperform its benchmark" and "the more mangers a fund has, the worse its performance will be." (Doc. # 53 ¶¶ 30, 31.)

However, courts have held that offering exposure to different styles of portfolio management and reducing risks associated with a single manager demonstrate prudent decision-making. *See White v. Chevron Corp.*, No. 16-cv-0793-PJH, 2016 WL 4502808, at *7–8 (N.D. Cal. Aug. 29, 2016). Since Plaintiffs' assertions about multiple managers being per se imprudent are both unsupported and conclusory, they are not entitled a presumption of truth. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191–93 (10th Cir. 2012) (finding conclusory allegations are not entitled to an assumption of truth and limiting analysis to whether the remaining factual allegations plausibly suggest a claim for relief).

Outside of the conclusory allegations about the multi-manager design, Plaintiffs fail to allege facts establishing that CIM failed to reasonably balance risk and reward, as well as short-term and long-term performance, when it decided to diversify the Fund. Moreover, the SAC does not make any allegations regarding how a prudent fiduciary would have analyzed the available investments under the circumstances. Further, there are no factual allegations regarding imprudence in CIM's process of designing the Fund. Thus, Plaintiffs have not stated sufficient facts to establish a claim based on the Fund's design. *See, e.g.*, *Pension Benefit Guard Corp.*, 712 F.3d at 716.

### 3. Failure to Monitor and Replace

Plaintiffs assert that CIM breached its fiduciary duty by failing to monitor and replace the Fund.

Fiduciaries like CIM are under a continuing duty to conduct a regular review of their investment decisions and remove investments which have become improper to retain. *Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1828 (2015). Under this standard, a plaintiff must show that a proper exercise of procedural prudence would have averted the harm, which "necessarily require[s] a plausible allegation explaining how no reasonable fiduciary could conclude that removing such investments would not be likely to do more harm than good to the plan and its participants." *In re SunEdison, Inc. ERISA Litig.*, No. 16-MC-2744(PKC), 2018 WL 3733946, at *8 (S.D.N.Y. Aug. 6, 2018). Thus, to plausibly establish a claim for a breach of duty to monitor, a plaintiff must allege facts plausibly establishing that no reasonable fiduciary would have maintained the investment. Those facts must support the conclusion that the defendants would have acted differently had they engaged in proper monitoring—and that an alternative course of action could have prevented the plan's losses. *Kopp v. Klein*, 894 F.3d 214, 221 (5th Cir. 2018). It is not sufficient to simply allege that an investment did poorly, and, therefore, a plaintiff was harmed. *See id.* at 217.

For instance, in *Kopp*, the Fifth Circuit affirmed dismissal of a procedural prudence and monitoring claim when the plaintiff failed to make sufficient factual allegations, notwithstanding the fact that the investment cratered to below $1 a share. *Id.* at 221; *see also In re Lehman Bros. Sec. and ERISA Litig.*, 113 F. Supp. 3d 745,

757–58 (S.D.N.Y. 2015) ("[P]laintiffs allege no facts to suggest that the review they claim should have been done would have averted the injury that ultimately occurred when Lehman later collapsed.").

In the instant case, Plaintiffs have failed to allege sufficient facts to establish that CIM failed to properly monitor and replace the Fund. The SAC alleges that CIM failed to properly monitor and replace the Large Cap Fund when it underperformed its benchmark by an average of 2.11% since 2012. (Doc. # 53 ¶ 34.) Plaintiffs further allege that "[h]ad CIM replaced the Large Cap Fund with the T. Rowe Price Institutional Growth Fund, Plaintiff and other class members would have realized 5% higher returns on their investment." (*Id.* ¶ 37.) However, these allegations incorrectly focus on outcome rather than process. *Kopp*, 894 F.3d at 221 ("[Plaintiffs] must allege facts to support the conclusion that the Defendants would have acted differently had they engaged in proper monitoring.").

Additionally, Plaintiffs do not allege that a particular event precipitated a need for CIM to review its Plan investments or that CIM had a choice to replace the Large Cap Fund with any other fund from year-to-year. Nor are there allegations that CIM's decision to remain with the Large Cap Fund was unreasonable after weighing the opportunity costs of a switch, the comparative risk of the funds, the comparative short-term and long-term returns of the funds, and the balance of the overall portfolio. As Plaintiffs state, 89% of managers underperform their benchmarks (Doc. # 53 ¶ 31), and relative underperformance is insufficient to state a breach of fiduciary duty claim. *See Kopp*, 894 F.3d at 221.

Furthermore, courts must consider all relevant circumstances and the entire portfolio. *See Roth*, 16 F.3d at 921. Here, the Fund's underperformance is paired with strong absolute performance of the portfolio, averaging over 11% return per year since its inception. (Doc. # 53 ¶ 34.) Also, Plaintiffs admit that, before Defendants terminated the Fund, its relative underperformance had been decreasing. (*Id.*)

In their Objection, Plaintiffs assert that a claim for breach of fiduciary duty may survive a motion to dismiss if the complaint "allege[s] facts that, if proved, would show that an adequate investigation would have revealed to a reasonable fiduciary that the investment at issue was improvident." (Doc. # 88 at 7–8) (citing *Pension Benefit Guard Corp.*, 712 F.3d at 719). However, Plaintiffs do not allege facts that demonstrate how an investigation by CIM would have shown imprudent monitoring. Instead they improperly rely on hindsight to allege CIM should have offered a better performing fund rather than indicating how an investigation would show an improvident process.[2] (Doc. # 53 ¶¶ 36, 37.)

In sum, after reviewing the SAC, the relevant circumstances, and the entire portfolio, the Court finds that Plaintiffs have not met their burden to plausibly establish a

---

[2] In their Objection, Plaintiffs cite allegedly similar cases that have survived dismissal, but Plaintiffs fail to explain that the complaints at issue in those cases contained very different allegations and involved funds that performed much lower than the Fund's 2–3% underperformance. (Doc. # 88 at 8, 9) (citing *Henderson v. Emory Univ.*, 252 F. Supp. 3d 1344, 1351–52 (N.D. Ga. 2017) (up to 113% greater returns for benchmark and index alternatives); *Sacerdote v. New York Univ.*, No. 16-cv-6284, 2017 WL 3701482, at *10 (S.D.N.Y. Aug. 25, 2017) (same); *Troudt v. Oracle Corp.*, No. 16-cv-001750-REB-CBS, 2017 WL 1100876, at *2 (D. Colo. Mar. 22, 2017) (up to almost 10% underperformance); *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-02781 (SRN/JSM), 2012 WL 5873825, at *3 (D. Minn. Nov. 20, 2012) (up to almost 13% underperformance)).

breach of fiduciary duty claim. *See Twombly*, 550 U.S. at 570. Therefore, this Court grants Defendants' Motion to Dismiss Plaintiffs' First Claim for Relief.

**B. FAILURE TO MONITOR AND CO-FIDUCIARY LIABILITY OF CENTURYLINK**

Plaintiffs allege that CenturyLink breached its duty to monitor CIM, and that CenturyLink is also liable for breach of fiduciary duty due to its status as a co-fiduciary. (Doc. # 52, ¶¶ 52–63, 64–67.) Both claims fail as a matter of law.

Both claims are derivative to a cognizable breach of fiduciary duty by CIM. *See, e.g.*, *In re YRC Worldwide, Inc. ERISA Litig.*, No. 09-2593-JWL, 2011 WL 1303367, at *2 n.2 (D. Kan. Apr. 6, 2011) (reviewing cases that find duty to monitor and co-fiduciary claims are derivative to breach of fiduciary duty claims); *In re RadioShack Corp. ERISA Litig.*, 547 F. Supp. 2d 606, 616 (N.D. Tex. 2008) (finding claims for failure to monitor and co-fiduciary liability to be derivative of plaintiffs' prudence claim). Plaintiffs allege no separate or additional basis for a breach of duty to monitor by CenturyLink. Thus, if there were no breach of fiduciary duty by CIM, the two additional claims against CenturyLink must fail. *See White*, 2016 WL 4502808, at *18–19 (dismissing derivative claim after primary breach of fiduciary duty claims were dismissed).

Here, Plaintiffs assert that "because [their] first claim survives, [their] derivative claims should survive as well." (Doc. # 92 at 5.) However, the first claim has not survived. *See supra* Part III.A. Accordingly this Court grants Defendants' Motion to Dismiss with respect to Plaintiffs' Second and Third Claims for Relief.

## C. DISMISSAL WITH OR WITHOUT PREJUDICE

Magistrate Judge Wang concluded that dismissal with prejudice is appropriate because Plaintiffs have had multiple opportunities to amend but made no showing that they could cure the defects present in their complaint. (Doc. # 78 at 31.) Specifically, the magistrate judge noted that Plaintiffs' previous—and deficient—amendments "were in response to defects that were deemed by Plaintiffs to be 'curable.'" (*Id.*) (citing (Doc. ## 25, 50)). The magistrate judge further noted that "[d]iscovery has been ongoing . . ., and Plaintiffs have not sought leave to supplement their Response to the Motion to Dismiss based on discovery." (*Id.*) Moreover, this case has been pending for almost two years, yet it has not moved past the motion to dismiss stage.

Nonetheless, in their Objection, Plaintiffs seek leave to amend as an alternative to dismissal with prejudice. (Doc. # 88 at 14–15.) Additionally, Plaintiffs attached a proposed Third Amended Complaint to their Objection and request leave to file that document.[3] (Doc. ## 88 at 14, 88–2.) The proposed Third Amended Complaint allegedly incorporates facts learned in discovery and addresses the deficiencies noted in the analysis above. (*Id.*)

---

[3] Plaintiffs' informal motion for leave to amend demonstrates a complete disregard for the applicable rules of procedure. Specifically, Plaintiffs have not complied with local federal rules applicable to a motion to amend a complaint. *See* D.C.COLO.LCivR 7.1 ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."); D.C.COLO.LCivR 15.1 (requiring a motion for leave to amend to include a copy of the proposed amended pleading attached as an exhibit). The only reason that the Court is overlooking this failing is because it is in the interests of the parties and the Court for this case to move forward towards a resolution. Plaintiffs are cautioned that the Court will not be so accommodating in the future.

Rule 15(a)(2) directs a trial court to "freely give leave [to amend a complaint] when justice so requires." It is a rule intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Mintowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). However, if there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought" need not be granted. *Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("The grant or denial of an opportunity to amend is within the discretion" of the trial court)).

Prejudice is the most important factor in considering whether a plaintiff should be permitted to amend a complaint. *See Minter*, 451 F.3d at 1207. "Courts typically find prejudice when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

In the instant case, the proposed Third Amended Complaint does not contain claims that arise out of different subject matter, and Defendant has not shown any prejudice that would result from allowing the amendment. However, the Court does not discount the fact that Plaintiffs have repeatedly failed to cure the deficiencies in their

14

complaint, which could justify dismissal with prejudice. *Minter*, 451 F.3d at 1204. Nevertheless, in view of Plaintiffs' assertions that they have finally cured the deficiencies in their pleading, the Court accepts the proposed Third Amended Complaint in an effort to provide "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id*.

The Court notes that, in their Response, Defendants briefly argue that the proposed Third Amended Complaint is futile. (Doc. # 91 at 14, 15.) A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)). However, the Court finds that any ruling on Plaintiffs' Third Amended Complaint would be better and more efficiently addressed after Plaintiffs' amended complaint is in place.

Finally, the Court recognizes that Defendants are entitled to file another motion to dismiss the Third Amended Complaint. However, the Court notes, as did the magistrate judge, that this case has been pending for two years. It appears to the Court that the parties' time would be better spent finishing discovery and filing dispositive motions pursuant to Fed. R. Civ. P. 56, rather than pursuant to Fed. R. Civ. P. 12.

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiffs' Objection (Doc. # 88) to the Recommendation is OVERRULED IN PART AND GRANTED IN PART;

2. The Recommendation (Doc. # 78) of Magistrate Judge Wang is AFFIRMED IN PART AND REJECTED IN PART;

3. Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. # 58) is GRANTED and Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE; it is

4. FUTHER ORDERED that Plaintiffs' proposed Third Amended Complaint (Doc. # 88-2) is accepted as filed and shall be filed by the Clerk's Office as a separate document.

DATED: March 20, 2019				BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge